

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT ODOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-0579-D |
| VS. | § | |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in these instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. The parties and the public expect that you will carefully and impartially consider

28  all of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict
29  regardless of the consequences.

30  This case should be considered and decided by you as an action between persons of equal
31  standing in the community and holding the same or similar stations in life. The law is no respecter
32  of persons, and all persons, including limited partnerships, stand equal before the law and are to be
33  dealt with as equals in a court of justice.

34  As stated earlier, it is your duty to determine the facts, and in so doing you must consider
35  only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony
36  of the witnesses, including deposition witnesses, the exhibits admitted in the record, and the
37  stipulated facts. The stipulated facts must be regarded as proven facts. The term "evidence" does
38  not include anything that I have instructed you to disregard.

39  Evidence admitted before you for a limited purpose may not be considered for any purpose
40  other than the limited purpose for which it was admitted.

41  Remember that any statements, objections, or arguments made by the lawyers are not
42  evidence in the case. The function of the lawyers is to point out those things that are most
43  significant or most helpful to their side of the case and, in so doing, to call your attention to certain
44  facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your
45  own recollection and interpretation of the evidence that controls in the case. What the lawyers say
46  is not binding upon you. If an attorney's question contained an assertion of fact that the witness did
47  not adopt, the assertion is not evidence of that fact.

48  You are not bound by any opinion that you might think I have concerning the facts of this
49  case, and if I have in any way said or done anything that leads you to believe that I have any opinion

50 about the facts in this case, you are instructed to disregard it. Further, nothing in these instructions
51 to you is made for the purpose of suggesting or conveying to you an intimation as to what verdict
52 I think you should find.

53     Although you should consider only the evidence in the case, you are permitted to draw such
54 reasonable inferences from the testimony and exhibits as you feel are justified in the light of
55 common experience. In other words, you may make deductions and reach conclusions that reason
56 and common sense lead you to draw from the facts established by the evidence in the case.

57     You should not be concerned about whether the evidence is direct or circumstantial. "Direct
58 evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such
59 as by an eyewitness or in a document. "Circumstantial evidence" is proof of a chain of facts and
60 circumstances that, without going directly to prove the existence of an essential fact, gives rise to
61 a logical inference that such fact does actually exist. The law makes no distinction between the
62 weight you may give to either direct or circumstantial evidence.

63     Now, I have said that you must consider all of the evidence. This does not mean, however,
64 that you must accept all of the evidence as true or accurate.

65     You are the sole judges of the "credibility" or believability of each witness and the weight
66 to be given to the witness' testimony. In weighing the testimony of a witness, you should consider
67 the witness' relationship to a particular party; the witness' interest, if any, in the outcome of the
68 case; the witness' manner of testifying; the witness' opportunity to observe or acquire knowledge
69 concerning the facts about which the witness testified; the witness' candor, fairness, and
70 intelligence; and the extent to which the witness' testimony has been supported or contradicted by

71  other credible evidence. You may, in short, accept or reject the testimony of any witness, in whole
72  or in part.

73  Also, the weight of the evidence is not necessarily determined by the number of witnesses
74  testifying as to the existence or nonexistence of any fact. You may find that the testimony of a
75  smaller number of witnesses as to any fact is more credible than the testimony of a larger number
76  of witnesses to the contrary.

77  A witness may be "impeached" or discredited by contradictory evidence, by a showing that
78  the witness testified falsely concerning a material matter, or by evidence that at some other time the
79  witness said or did something, or failed to say or do something, that is inconsistent with the witness'
80  present testimony. If you believe that any witness has been so impeached, it is your exclusive
81  province to give the testimony of that witness such credibility or weight, if any, as you think it
82  deserves.

83  You should keep in mind, of course, that a simple mistake by a witness does not necessarily
84  mean that the witness was not telling the truth as the witness remembers it, because people naturally
85  tend to forget some things or remember other things inaccurately. So, if a witness has made a
86  misstatement, you need to consider whether that misstatement was simply an innocent lapse of
87  memory or an intentional falsehood, and that may depend on whether it has to do with an important
88  fact or with only an unimportant detail.

89  During the trial, certain testimony has been presented to you through a deposition. A
90  deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.
91  Before this trial, attorneys representing the parties in this case questioned the witness under oath.
92  A court reporter was present and recorded the testimony. This deposition testimony is entitled to

93  the same consideration and is to be judged by you as to credibility, and weighed and otherwise
94  considered by you insofar as possible in the same way, as if the witness had been present and had
95  testified from the witness stand.

96  Deposition testimony can also be introduced for the purpose of impeaching or discrediting
97  a witness. If, in the deposition, the witness made any statements in conflict with testimony the
98  witness gave in court, you may consider such conflicts and any explanation therefor in determining
99  the witness' credibility.

100 The plaintiff has the burden of proving each essential element of his claim by a
101 "preponderance of the evidence." A preponderance of the evidence means such evidence as, when
102 considered and compared with that opposed to it, has more convincing force and produces in your
103 minds a belief that what is sought to be proved is more likely true than not true. To establish a claim
104 by a "preponderance of the evidence" merely means to prove that the claim is more likely so than
105 not so.

106 In determining whether any fact in issue has been proved by a preponderance of the
107 evidence, the jury may consider the testimony of all the witnesses, including deposition witnesses,
108 regardless of who may have called them, and all the exhibits received in evidence, regardless of who
109 may have produced them.

110 If the proof fails to establish any essential element of the plaintiff's claim by a preponderance
111 of the evidence, the jury must find against the plaintiff.

112 As used in this charge, the term "Odom" means plaintiff Scott Odom, and the term "Kroger"
113 means defendant Kroger Texas, L.P.

114 As a limited partnership, Kroger can act only through natural persons as its agents or
115 employees. In general, any agent or employee of a limited partnership may bind the limited
116 partnership by acts and declarations made while acting within the scope of the authority delegated
117 to the employee by the limited partnership, or within the scope of the person's duties as an employee
118 of the limited partnership.

119 ## ODOM'S NEGLIGENCE CLAIM

120 Odom contends that Kroger was negligent on the occasion in question in each of the
121 following respects:

122     (1)    Kroger hired careless employees who directed Odom to retrieve shopping carts from
123             an icy parking lot, knowing that it posed an unnecessary risk to Odom;

124     (2)    Kroger failed to implement policies and procedures regarding workplace safety; and

125     (3)    Kroger failed to provide proper work equipment—proper footwear—to be used in
126             icy conditions.

127 Kroger denies that it was negligent in any of these respects.

128 "Negligence" means failure to use ordinary care, that is, failing to do that which an employer
129 of ordinary prudence would have done under the same or similar circumstances or doing that which
130 an employer of ordinary prudence would not have done under the same or similar circumstances.

131 "Ordinary care" means that degree of care that would be used by an employer of ordinary
132 prudence under the same or similar circumstances.

133 "Proximate cause" means a cause that was a substantial factor in bringing about an event,
134 and without which cause such event would not have occurred. In order to be a proximate cause, the
135 act or omission complained of must be such that an employer using ordinary care would have

136 foreseen that the event, or some similar event, might reasonably result therefrom. There may be
137 more than one proximate cause of an event, but if an act or omission by the plaintiff was the "sole
138 proximate cause" of an occurrence, then no act or omission of the defendant could have been a
139 proximate cause.

140     If an occurrence is caused solely by an "act of God ," it is not caused by the negligence of
141 any person. An occurrence is caused by an act of God if it is caused directly and exclusively by the
142 violence of nature, without human intervention or cause, and could not have been prevented by
143 reasonable foresight or care.

144     Under Texas law, an employer is not an insurer of its employees' safety at work, but an
145 employer does have a continuous, non-delegable duty to use ordinary care in providing a safe work
146 place. This overall duty includes the following specific duties: to hire competent co-employees, to
147 train and supervise employees' activities, to provide safety regulations, to provide needed safety
148 equipment or assistance, to warn employees of the hazards of their employment, and to furnish
149 reasonably safe instrumentalities with which employees are to work.

150     An employer does not have a duty, however, to warn an employee of dangers that are
151 commonly known or already appreciated by the employee.

152     To establish his negligence claim, Odom must prove each of the following essential
153 elements by a preponderance of the evidence:

154     <u>First</u>, that Kroger was negligent; <u>and</u>

155     <u>Second</u>, that such negligence was a proximate cause of the occurrence in question.

156 QUESTION NO. 1:

157 Did Odom prove that Kroger was negligent in one or more of the respects alleged, and that
158 such negligence proximately caused the occurrence in question?

159 Instruction: Odom has the burden of proof. If he has met his burden
160 as to the essential element in question, answer "Yes;" otherwise,
161 answer "No." Answer separately in each space below.

162 ANSWER:

163 Negligence?        Proximate Cause?

164 (1) __NO__         _____

165 (2) __NO__         _____

166 (3) __NO__         _____

167 If you have answered Question No. 1 "Yes" in both the negligence and proximate cause
168 spaces as to at least one ground of Odom's negligence claim, read the following instructions
169 regarding damages and answer Question No. 2; otherwise, proceed to the instructions concerning
170 jury deliberations.

## DAMAGES

171

172 If you found that Odom has proved his negligence claim, then you must determine the
173 amount, if any, of the damages to which he is entitled.

174 You should not interpret the fact that I am giving instructions about damages as an indication
175 in any way that I believe that Odom should, or should not, win this case. It is your first task to
176 decide whether Kroger is liable. I am instructing you on damages only so that you will have
177 guidance in the event you decide that Kroger is liable and that Odom is entitled to recover damages.

178 If you find that Kroger is liable to Odom, then you must determine an amount that is fair
179 compensation for all of his damages. These damages are called compensatory damages. The
180 purpose of compensatory damages is to make the plaintiff whole—that is, to compensate him for the
181 damages he has suffered.

182 You may award compensatory damages only for injuries that Odom proves were proximately
183 caused by Kroger's allegedly unlawful conduct. The damages that you award must be fair
184 compensation for all of his damages, no more and no less. Compensatory damages are not allowed
185 as a punishment and cannot be imposed or increased to penalize Kroger. You should not award
186 compensatory damages for speculative injuries, but only for those injuries that Odom has actually
187 suffered or that he is reasonably likely to suffer in the future.

188 If you decide to award compensatory damages, you should be guided by dispassionate
189 common sense. Computing damages may be difficult, but you must not let that difficulty lead you
190 to engage in arbitrary guesswork. On the other hand, the law does not require that Odom prove the
191 amount of his losses with mathematical precision, but only with as much definiteness and accuracy
192 as the circumstances permit.

193   You must use sound discretion in fixing an award of damages, drawing reasonable inferences
194   where you find them appropriate from the facts and circumstances in evidence.

195   You may award damages for any bodily injury that Odom sustained and any physical pain
196   and suffering and/or mental anguish that Odom experienced in the past or will experience in the
197   future as a result of the bodily injury. No evidence of the value of intangible things, such as mental
198   or physical pain and suffering, has been or need be introduced. You are not trying to determine
199   value, but an amount that will fairly compensate Odom for the damages he has suffered. There is
200   no exact standard for fixing the compensation to be awarded for these elements of damage. Any
201   award that you make should be fair in the light of the evidence.

202   You may award damages for aggravation of an existing disease or physical defect, or
203   activation of any such latent condition, resulting from physical injury to Odom. If you find that
204   there was such an aggravation, you should determine, if you can, what portion of Odom's condition
205   resulted from the aggravation, and make allowance in your verdict only for the aggravation.

206   If you find for Odom, he is entitled to recover an amount that will fairly compensate him for
207   any damages he has suffered to date.

208   If you find that Odom is reasonably certain to suffer damages in the future from his injuries,
209   then you should award him the amount you believe would fairly compensate him for such future
210   damages.

211   An award of future damages necessarily requires that payment be made now for a loss that
212   Odom will not actually suffer until some future date. If you find that Odom is entitled to future
213   damages, then you must determine the present worth in dollars of such future damages. You must

214 not make any adjustment to present value, however, for any damages you may award for physical

215 pain and mental anguish that, in reasonable probability, will be sustained in the future.

216 You are instructed that any monetary recovery for the categories of damages listed below

217 are not subject to federal income taxes.

218 QUESTION NO. 2:

219 What sum of money, if paid now in cash, would fairly and reasonably compensate Odom for

220 the damages, if any, that resulted from the occurrence in question?

221 Instruction: Odom has the burden of proof. Answer in dollars and
222 cents, if any. Consider the elements of damages listed below and
223 none other. Consider each element separately. Do not include
224 damages for one element in any other element. Do not include
225 interest on any amount of damages you find. Do not reduce the
226 amounts, if any, in your answers because of the negligence, if any, of
227 Odom.

228 ANSWER:

229 A. Physical pain and mental anguish sustained in the
230 past: _____

231 B. Physical pain and mental anguish that, in reasonable
232 probability, will be sustained in the future: _____

233 C. Physical impairment sustained in the past: _____

234 D. Physical impairment that, in reasonable probability,
235 will be sustained in the future: _____

236 E. Disfigurement sustained in the past: _____

## Jury Deliberations

237

238 The fact that I have given you in this charge instructions about a particular claim, or that I
239 have not so instructed you, should not be interpreted in any way as an indication that I believe a
240 particular party should, or should not, win this case.

241 In order to return a verdict your verdict must be unanimous. It is your duty as jurors to
242 consult one another and to deliberate with a view towards reaching an agreement. Each of you must
243 decide the case for yourself, but only after an impartial consideration with each other of all the
244 evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own
245 view and change your opinion if convinced it is erroneous. Do not, however, surrender your honest
246 conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or
247 for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You
248 are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

249 After I finish reading this charge, you will retire to the jury room. I will send you the
250 exhibits that have been admitted into evidence. You will first select one member of the jury to act
251 as presiding juror. The presiding juror will preside over your deliberations and will speak on your
252 behalf here in court.

253 Do not deliberate unless all members of the jury are present in the jury room. In other words,
254 if one or more of you go to lunch together or are together outside the jury room, do not discuss the
255 case.

256 When you have reached unanimous agreement as to your verdict, the presiding juror shall
257 fill in your answers to the questions on a copy of the charge that I will provide to you for this
258 purpose, shall date and sign the last page of that copy of the charge, and shall notify the court

security officer that you have reached a verdict. The court security officer will then deliver the verdict to me.

The court will honor the schedule you set for your deliberations and your requests for breaks during your deliberations. From time to time I may communicate with you concerning your schedule. This is done primarily for the purpose of anticipating the court's staffing needs, and is not in any way intended to suggest that your deliberations should be conducted at a different pace or on a different schedule.

During the trial, the court reporter made a verbatim record of the proceedings. The court rules do not provide for testimony to be produced for the jury in written form, or for testimony to be read back to the jury as a general aid in refreshing the jurors' memories. In limited circumstances, the court may direct the court reporter to read testimony back to the jury in open court. This is done, however, only when the jury certifies that it disagrees as to the testimony of a particular witness, and identifies the specific testimony in dispute.

If, during your deliberations, you desire to communicate with me, your presiding juror will reduce your message or question to writing, sign it, and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by asking you to return to the courtroom so that I can address you orally. If you do send a message or ask a question in which you indicate that you are divided, never state or specify your numerical division at the time.

October 29, 2014.

_Sidney A. Fitzwater_
SIDNEY A. FITZWATER
CHIEF JUDGE

282        The foregoing is the unanimous verdict of the jury.

283    Dated: __10/29/2014__                    ___Angel Nicholas___
284                                                Presiding Juror